Astoria Fed. Sav. & Loan Assn. v Aliperti

2026 NY Slip Op 03136

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Astoria Federal Savings & Loan Association, respondent,

v

James J. Aliperti, Jr., et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-12738, (Index No. 1916/11)

Francesca E. Connolly, J.P.

Cheryl E. Chambers

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellants.

McMichael Taylor Gray, LLC, Saratoga Springs, NY (Dana M. Carrera of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendants James J. Aliperti, Jr., and Marie Aliperti appeal from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered October 16, 2024. The order denied those defendants' motion for leave to renew their opposition to the plaintiff's prior motion, inter alia, for summary judgment on the complaint insofar as asserted against them, which had been granted in an order of the same court (Daniel Palmieri, J.) entered April 28, 2014.

ORDERED that the order entered October 16, 2024, is affirmed, with costs.

In February 2011, the plaintiff commenced this action against the defendants James J. Aliperti, Jr., and Marie Aliperti (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Nassau County. In their answer, the defendants asserted that the plaintiff failed to comply with RPAPL 1304. In 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants. The Supreme Court granted the plaintiff's motion. It is undisputed that thereafter the court granted the plaintiff's unopposed motion, among other things, for a judgment of foreclosure and sale and entered a judgment of foreclosure and sale on January 21, 2016. It is also undisputed that the property was subsequently sold on November 30, 2023.

In March 2024, the defendants moved for leave to renew their opposition to the plaintiff's prior motion, inter alia, for summary judgment on the complaint insofar as asserted against them based on changes in the law related to RPAPL 1304. The plaintiff opposed the motion. In an order entered October 16, 2024, the Supreme Court denied the motion. The defendants appeal.

"A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (Dinallo v DAL Elec., 60 AD3d 620, 621; see CPLR 2221[e][2]; Opalinski v City of New York, 205 AD3d 917, 919). CPLR 2221(e)(2) provides that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change [*2]the prior determination" (see McLaughlin v Snowlift, Inc., 214 AD3d 720, 721). "A clarification of the decisional law is a sufficient change in the law to support renewal" (Dinallo v DAL Elec., 60 AD3d at 621; see Deutsche Bank Natl. Trust Co. v Cincu, 228 AD3d 825, 827). However, once a final judgment has been entered, a motion pursuant to CPLR 2221(e)(2) based upon a change in the law must be made before the time to appeal the final judgment has expired, absent circumstances set forth in CPLR 5015 (see U.S. Bank N.A. v Tong, 230 AD3d 716, 717; Opalinski v City of New York, 205 AD3d at 919).

Here, it is undisputed that the judgment of foreclosure and sale was entered on January 21, 2016. The defendants concede that a copy of the judgment of foreclosure and sale was served upon their attorney with notice of entry, and that the property was sold on November 30, 2023. The defendants did not appeal from the judgment of foreclosure and sale, and they did not move for leave to renew until almost eight years later. Under these circumstances, the defendants' motion was untimely (see Wilmington Sav. Fund Socy., FSB v Souffrant, 237 AD3d 1006, 1008; Opalinski v City of New York, 205 AD3d at 919; Washington Mut. Bank, FA v Itzkowitz, 47 AD3d 923, 923).

The defendants' remaining contention is not properly before this Court.

CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court